PER CURIAM.
This appeal is from an administrative order denying a request to provide Aid to Families with Dependent Children (AFDC) benefits from the date of application for benefits. We reverse.
Prior to appellant’s application for AFDC benefits, HRS published proposed and emergency rules changing the date of entitlement to benefits from the date of application to the date of authorization or 30 days from the date of application — whichever is earlier.
Appellant’s application was approved after the 90 day expiration date of the emergency rule and before the proposed rule became effective. Her benefits began, however, 30 days from the date of her application. Appellant requested a hearing on grounds that her application fell into a gap between the emergency rule’s expiration and the proposed rule’s effective date. HRS agreed the emergency rule had expired, but argued that the legislature’s clear intent to reduce funds to the agency mandated implementation of the new entitlement date.
Although the Budget Act, § 1, specific appropriation 864, Ch. 89-253, Laws of Florida mandated only a general cut in AFDC funding, the intent of the legislature — evinced in the Summary Statement of Intent and the Fiscal Analysis in Brief— was to implement the budget cut by changing the entitlement date.
The hearing officer ruled:
While it is recognized that both attorneys in this case were willing to conclude that emergency rules 10CER89-3-5 had expired, the hearings officer has conducted independent research of public record information and has concluded that expiration is not a foregone conclusion. On the November 3 date of ease action, [the emergency rules] had just been upheld two days earlier in the First District Court of Appeals. Therefore, the emergency rule may be considered viable and supported relative to the case at hand; possibly, it would be described as in . a state of pendency, but in any case, it *1363 would not be proper to describe it as expired.
The hearing officer then concluded that since the emergency rule was in effect, the entitlement date of 30 days after application was correct.
The regular rule — the adoption of the proposed rule — became effective on December 13, 1989. The core issue, therefore, is whether the emergency rule was in effect on November 3, 1989, which was the date of the Notice of Case Action.
While the parties do not address this issue, the hearing officer’s finding of fact number eleven is not properly supported in the record as a matter of law. Finding of fact number eleven states that this court denied a challenge to the validity of the emergency rule on November 1, 1989. Little v. Coler, 14 F.L.W. 2536 (Fla. 1st DCA Nov. 1, 1989). However, as the hearing officer alludes to in finding of fact number twelve, the case was reheard and the opinion was substituted with Little v. Coler, 557 So.2d 157 (Fla. 1st DCA 1990). The error in the hearing officer’s finding of fact is that the mandate in the case was not issued until March 20, 1990, and it was issued for an opinion dated February 15, 1990. In other words, the November 1, 1989 opinion of this court was not final. See Fla.R.App.P. 9.340(b) (motion for rehearing extends mandate issuance until “after the cause has been fully determined”).
It is not clear at all from the hearing officer’s order, however, what difference it makes whether this court decided the emergency rule was valid. “An emergency rule ... may not be effective for a period longer than 90 days and shall not be renewable, except during the pendency of a challenge . to proposed rules addressing the subject of the emergency rule.” § 120.54(9)(c), Florida Statutes (1987). The emergency rule was not renewed before appellant’s benefits were approved; the 90 days expired before the approval; and Little was a challenge to the emergency rule itself — not a “proposed rule addressing the subject of the emergency rule”.
Therefore, the hearing officer ruled that the emergency rule had not expired based on a non-final decision of this court. Even if this court were to now apply a relation-back theory to the mandate, thereby making the November 1, 1989 decision applicable, the decision only validates the emergency rule. It does not extend the rule beyond its 90 day expiration.
The remaining issue is one not addressed by the hearing officer — whether a rule amendment was necessary to implement the legislature’s intent to change the effective date of AFDC benefits. As noted in Martinez v. Florida Legislature, 542 So.2d 358 (Fla. 1989), rules governing legislative intent documents come from section 216.-181(1), Florida Statutes. After Martinez was decided, the statute was amended by Ch. 89-51, § 9, Fla.Laws. Section 8 of that Chapter also amended section 216.177, Florida Statutes. The amendments’ effective date is July 1, 1989. Both amendments substantially dilute the importance of legislative intent documents. For example, section 216.177 was amended as follows:
The statement of intent constitutes a manifestation of how the Legislature, in its considered opinion as a representative of the people, thinks appropriations should be spent. The statement of intent is not law and may not allocate or appropriate any funds, or amend or correct any provision, in the General Appropriations Act, but the statement of intent may provide additional direction and explanation to ... each affected state agency relative to the purpose, objectives, spending philosophy, and restrictions associated with any specific appropriation category.
Section 216.181 was amended as follows:
(1)(3) The General Appropriations Act and supporting-statement of intent and any other acts containing appropriations shall be considered the original approved operating budgets for operational and fixed capital expenditures.
The legislature appears to have reacted to the Martinez decision by saying the intent documents are not law and are not con *1364 sidered a part of the operating budget. There are several other amendments in Chapter 89-51 which further eliminate letters and statements of intent from consideration by those implementing the budget.
We therefore hold that HRS improperly considered legislative intent documents to be mandatory means to implement budget cuts. An amendment to their rule was necessary before HRS could change the entitlement date to AFDC funds. As of November 3, 1989, no rule was in effect which would change the date of entitlement from the date of application.
REVERSED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.